J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201
andy@coombspc.com
nicole@coombspc.com

Stephen M. Gaffigan (*Pro Hac Vice*)
Stephen M. Gaffigan, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

Attorneys for Plaintiffs
Chanel, Inc. and Louis Vuitton Malletier, S.A.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| CHANEL, INC., a New York corporation and LOUIS VUITTON MALLETIER, S.A., a foreign business entity,<br><br>Plaintiffs,<br>v.<br><br>SOPHIA ZHANG, YAN RIQIN and DOES 1-10, individually and jointly, d/b/a HIGHREPLICA.COM, HIGH-REPLICA.COM, RUNWAYHANDBAGS.NET, BAGS-REPLICA.COM, BUY-TIFFANY.COM, HIGHCHARMS.COM, FASHIONREPLICABAGS.COM, FASHIONTAVERN.COM, LUXUNION.COM, LUX62.COM, REPLICAHAUSE.COM, REPLICA-SILVER.COM, SIGHTFOCUS.COM, REPLICAS-BAG.COM, TIFFANY-FOCUS.COM, REPLICAS8.COM,<br><br>Defendants. | Case No. C-09-1977 MMC<br><br>[~~PROPOSED~~] ORDER TO SHOW CAUSE |

THIS CAUSE came before the Court upon Plaintiffs', Chanel, Inc., a New York corporation, ("Chanel") and Louis Vuitton Malletier, S.A., a foreign business entity ("Louis Vuitton") (together, "Plaintiffs") Motion for Order to Show Cause Why the Defendant Yan Riqin ("Riqin") Should Not be Held in Civil Contempt and Sanctioned. On December 7, 2009, this Court entered Final Default Judgment against Riqin and in favor of Plaintiffs and issued a Permanent Injunction prohibiting Riqin from committing further acts of infringement and unfair competition against Plaintiffs. (*See* Permanent Injunction (e-docket 28) and Final Default Judgment (e-docket 29)). Plaintiffs now seek an Order to Show Cause why a finding of contempt and sanctions should not be entered against Defendant Riqin, for his failure to comply with the December 7, 2009 Permanent Injunction. (e-docket 28).

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises, and no opposition has been filed.

Accordingly, the February 26, 2010 hearing on the instant motion is hereby VACATED and it is **ADJUDGED** as follows:

I. Plaintiffs have met the standard for civil contempt in the Ninth Circuit set forth in *Labor/Community Strategy Ctr. v. Los Angeles County Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Specifically, the Plaintiffs have shown by clear and convincing evidence that Defendant Riqin violated the Court's Permanent Injunction beyond substantial compliance, not based on a good faith, reasonable interpretation of the Permanent Injunction. *See id.*; *see also* 15 U.S.C. § 1116; e-docket 28. Therefore, Plaintiffs' Motion for Order to Show Cause Why the Defendant Riqin Should Not be Held in Civil Contempt and Sanctioned is **GRANTED.** Defendant Riqin shall file a Response with the Court on or before __April 2, 2010__ showing cause why he should not be held in civil contempt and sanctioned for failure to comply with the Court's prior order. The Defendant's failure to show such good cause on or before __April 2, 2010__, 2010 may

result in the entry of the following sanctions without further notice:

    A.    The domain names 178bao.com, 22bag.com, aaahighreplica.com, angelpurse.com, b2csite.com, bags-replicas.com, bagsspace.com, canwatches.com, canwatches.net, clonereplicas.com, dig-in-china.com, ec55.com, eo21.com, hiendless.com, highreplicamall.com, honeyreplica.com, iamreplica.com, idolwholesale.com, mallwatches.com, mybagsroom.com, replicahot.com, scarves-wholesale.com, sonpa.com, sunglassfocus.com, top1-replica.com, watches9.com, watchesshow.com, wellwholesaler.com, and woicha.com (the "New Domains") and 20fashion.com, bagsdesigners.com, bagsstock.com, buy-tiffanys.com, chanel-design.com, chanel-luxury.com, chanel-mall.com, chaneltrend.com, cocoperfume.com, dearuggboots.com, ebagsell.com, guccitrend.com, hermes-luxury.com, high-replica-bags.com, highreplicamall8.com, hotreplicashop.com, idolreplica.net, lv-pifa.com, replica-handbags-biz.com, replica-handbags-focus.com, replica-handbags-shop.co.uk, replica-iwc-watches.com, replica-perfume.com, replica-swisswatches.com, replica-watches9.com, replica-watches-supplier.com, sight-focus.com, thermosmaker.com, top-replica-handbags.com, vogueunderwear.com, watcheshot.cc, watchesshow.co.uk, and wholewatches.net (the "Supplemental Domains") shall be ordered immediately transferred by the Defendant, his Registrars, and the Registries to Plaintiffs' control.

    B.    ~~Riqin shall be further enjoined from registering, owning, controlling, creating or maintaining, directly or indirectly, any additional domain names, online businesses or Internet stores for a period of five (5) years. Any domain names, online businesses or Internet stores proven by Plaintiffs to be registered, created, maintained, owned or controlled by Riqin, his agents, representatives, or those working in concert with Riqin in violation of this~~

1  ~~Order shall be immediately transferred by the Registrar and/or Registry to~~
2  ~~Plaintiffs' control.~~

3  C. Riqin, his respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall discontinue immediately the use of the Chanel trademarks ⌬, ⌬, CHANEL, 112, ⌬, and ⌬, the Louis Vuitton trademarks LOUIS VUITTON, [logos], or any confusingly similar trademarks within domain name extensions, metatags or other markers within web site source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under the New Domains and operating under the Supplemental Domains.

D. The domain name Registrars for each of the New Domains and each of the Supplemental Domains are directed to transfer to Plaintiffs' counsel, for deposit with this Court, domain name certificates for each of the New Domains and each of the Supplemental Domains.

E. The top level domain (TLD) Registries for the New Domains and the Supplemental Domains within thirty (30) days of receipt of this Order shall place the New Domains and the Supplemental Domains on "hold" status and thus remove the domains from the TLD zone files maintained by the Registries which link the domain names to the IP addresses where their sites are hosted.

F. Defendant Riqin shall be assessed monetary sanctions in the amount ~~of $_____~~ the Court may deem satisfactory in view of Defendant's conduct.

3
[PROPOSED] ORDER TO SHOW CAUSE
Case No. C-09-1977 MMC

II.  Beginning as of the date this Order is entered and continuing until such time as this order is modified, superseded or vacated, neither Defendant Riqin, nor any other person with actual knowledge of this Order, shall alter, delete, supplement or otherwise change, in whole or in part, the WHOIS registrant information relating to any of the New Domains or any of the Supplemental Domains.

III.  Within seven days of the date this Order is entered, the Registrars for the New Domains and the Registrars for the Supplemental Domains are hereby Ordered to provide a copy of this Order to Show Cause together with the papers upon which it is based to Defendant Riqin and to any other owners or operators of the New Domains and the Supplemental Domains using the most recent contact information provided to them by Defendant Riqin or by any other owners or operators of New Domains or the Supplemental Domains in connection with the registration of the New Domains or the Supplemental Domains.

IV.  Plaintiffs shall immediately provide all parties and non-parties affected by this Order with a copy of the Order and the Pleadings upon which it is based.

IT IS SO ORDERED

Dated: _February 24, 2010_

*[signature: Maxine M. Chesney]*
Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

J. ANDREW COOMBS,
A PROFESSIONAL CORPORATION

By:_____
    J. Andrew Coombs
    Nicole L. Drey
Attorneys for Plaintiffs
CHANEL, INC. and LOUIS VUITTON MALLETIER, S.A.